## GEORGE LESLIE v. R. C. MATHWIG.[1]

November 19, 1915.

Nos. 19,364—(28).

**Specific performance — land contract indefinite.**

1. A contract for the sale of land provided for a cash payment, and that the balance of purchase price was "to be arranged by adjustment of mortgages" on a stated date. *Held*, that the terms of the contract do not appear sufficiently clear so that it can be specifically enforced.

**Amendment of answer.**

2. There was no abuse of discretion in refusing defendant leave, after the case was tried and decided, to amend his answer so as to plead mistake and ask a reformation of the contract.

Action in the district court for Marshall county to cancel the instrument quoted in the opinion. Upon the motion of defendant the persons named in the opinion were made parties defendant. The case was tried before Grindeland, J., who made findings, ordered judgment in favor of plaintiff and dismissed the action against the interveners. Defendant Mathwig's motion to set aside the decision and amend his answer so as to ask for a reformation of the contract was denied. Defendant Mathwig's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant Mathwig appealed. Affirmed.

*Charles Loring* and *G. A. Youngquist,* for appellant.

*A. N. Eckstrom,* for respondent.

BUNN, J.

Plaintiff owned a 240 acre farm in Marshall county. March 11, 1914, he executed to the Marshall County Land Company, a corporation of which defendant Mathwig was the president and chief stockholder, an instrument by which he placed the farm in the hands of the company for sale at a price of $30 per acre, terms: $500 cash down; $1,300 when

[1] Reported in 154 N. W. 951.

deed is delivered November 1, 1914; balance second mortgage for $3,090, payable $1,000 each year and assume first mortgage of $2,400; interest at six per cent. Plaintiff agreed to convey to the customer of the company on the terms stated, but had the right to withdraw the premises from sale upon giving 30 days' notice in writing. On August 13, 1914, plaintiff gave in writing to F. F. Haynes of Thief River Falls, an exclusive agency to sell the farm at a price of $32 per acre and upon terms stated in the instrument. On September 25, 1914, plaintiff executed and delivered to defendant Mathwig a writing which, omitting the description of the land and an immaterial provision, is as follows:

"Received of R. C. Mathwig of Warren, Minn. the sum of fifty dollars to apply upon the purchase price of the following land this day sold by me to said Mathwig for a total consideration, payable as follows: Purchase price $7,500.00; $450.00 in 30 days from date; $1,300.00 on March 1, 1915, or prior thereto if Mathwig demands deed. Balance of purchase price to be arranged by adjustment of mortgages on March 1, 1915, or at such prior time as Mathwig may desire when said $1,300.00 payment is made. Description of land is: (Here follows description of the farm before mentioned.)

"Interest on all payments shall be 6 per cent from date of deed, or Oct. 15, 1914.

"Dated Sept. 25, 1914.

"GEORGE LESLIE."

This action was to cancel and set aside the above instrument. The ground upon which the relief was asked was that plaintiff was induced to execute it by fraudulent representations. Defendant answered, denying fraud, and demanding judgment for the specific performance of the instrument or contract, as the answer calls it. The answer also prayed that Albin Young, to whom plaintiff conveyed the farm October 6, and Matt Anderson and wife, to whom Young, on October 7, gave a contract to sell the land, be made parties defendant. This was done, and these defendants filed replies to the answer of defendant Mathwig.

The trial resulted in a decision to the effect that the contract sought to be set aside was not obtained by misrepresentation or fraud, but that it failed to provide the terms of payment, and for that reason could not be specifically enforced. Judgment was ordered in favor of the interveners.

Upon affidavits setting forth that the talk between plaintiff and defendant was that the balance of the purchase price was to be paid by the giving of a second mortgage on the premises, to run for the same length of time as the first mortgage ran, and that these terms were omitted from the contract by inadvertence and mistake, defendant Mathwig moved the court to set aside its decision, to grant defendant leave to amend his answer so as to make the necessary allegation and ask a reformation of the contract, and leave to offer testimony to support the new allegations. This motion was denied, as was a subsequent motion for a new trial. Judgment was entered on the decision, and defendant Mathwig appealed therefrom to this court.

1. The contract between plaintiff and Mathwig, hereinbefore set forth, is plainly too indefinite and uncertain as to the terms to be specifically enforced. "Balance of purchase price to be arranged by adjustment of mortgages" means nothing to us. The case of Rahm v. Cummings, supra, page 141, 155 N. W. 201 is controlling. The material terms of the contract in the case at bar appear less clearly than those in the Rahm case, or those in the case of Williams v. Stewart, 25 Minn. 516. It is evident here that the terms upon which the balance was to be paid were left for future negotiation or "adjustment." The decision of the trial court was correct.

2. There was clearly no abuse of discretion in refusing defendant leave to amend his answer by alleging mistake and demanding a reformation of the contract. It is difficult to see in any event how this relief could be granted as against defendants Young and Anderson, who purchased in ignorance of any such mistake.

Judgment affirmed.