[No. 16114. Department Two. March 1, 1921.]

FELIX LE MARINEL et al., Respondents, v. JOHN F. BACH et al., Appellants.[1]

VENDOR AND PURCHASER (3)—CONTRACT—CONSTRUCTION. A note at the foot of a contract for the trade of lands requiring delivery of possession and marketable title does not impose any burden other than the law would require.

SAME (10)—CONTRACT—VALIDITY—FORM—PARTIES. Informalities in referring to the parties to a trade as "you" and "our," do not invalidate a contract for a trade, where the names of the parties clearly appear in their signatures, making and accepting the proposition.

FRAUDS, STATUTE OF (58)—ORAL EVIDENCE—IDENTIFYING CONTRACT REFERRED TO. A written contract is not within the statute of frauds because of the necessity to resort to oral testimony for the purpose of identifying contracts had on the land and referred to, and not to establish any of its essential terms.

SPECIFIC PERFORMANCE (13-2) — CONTRACTS ENFORCEABLE — COMPLETENESS. Specific performance of a contract for the trade of lands will not be denied for lack of completeness, in that interest was to be computed, where the amount was ascertainable by the computation.

[1]Reported in 196 Pac. 22.

SAME (28) — SUFFICIENCY OF PERFORMANCE OR TENDER.  Specific performance of a trade of lands should not fail on account of an insufficient tender of performance, where the defendants based their claim in the first instance on the ground of fraud; since the court may permit a sufficient tender to be made.

SAME (17)—CONTRACTS ENFORCEABLE—POSSESSION.  Specific performance of a trade of lands does not necessarily fail because the parties were not put in possession of the properties.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered April 29, 1920, upon findings in favor of the plaintiffs, in an action for specific performance.  Affirmed.

*Cordiner & Cordiner* and *Hanna, Miller & Hanna,* for appellants.

*W. C. Losey* and *J. N. Pickerell,* for respondents.

MAIN, J.—This action was brought for the purpose of enforcing the specific performance of a written contract for the exchange of real estate.  The defendants resisted the action, claiming that the contract was not sufficient, and further, that they were induced to enter into it by fraudulent representation.  The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment sustaining the right of the plaintiffs to recover.  From this judgment, the defendants appeal.

The respondents are husband and wife and were the owners of a farm consisting of approximately four hundred acres near the town of Cheney, in Spokane county.  The appellants are husband and wife and were the owners of a farm consisting of approximately four hundred and forty acres in Whitman county.  After certain negotiations, the following contract, dated April 5, 1919, was entered into between the parties for the exchange of the properties.

"For and in consideration of Five Dollars, the receipt of which is hereby acknowledged, we the undersigned make you the following proposition:

"We will give you our farm consisting of 440 acres, and described as follows: The North-east quarter, and all of the South-west quarter; East half of North-west quarter, and the South-west quarter of North-west quarter, of Section Thirty-four (34), all in Township Twenty (20), Range Forty-one (41), E. W. M. This farm will be subject to a mortgage of Fifteen Thousand ($15,000.00) Dollars, which you are to assume. You are further to give us a difference of Six Thousand ($6,000) Dollars, in bankable securities, of some kind, to be approved by us, or in case we do not approve of said securities, we hereby agree to accept the cash instead of securities. You are further to give us a certain tract of land consisting of 400 acres located about three miles from Cheney, and which I have inspected and approved of and described as follows: The South-east quarter, and the East half of North-east quarter, Section Twenty-nine (29) also South half of North-west quarter, and the North-half of South-west quarter, of Section Twenty-eight (28), located in Twp. Twenty-three (23), Range Forty-one (41) E. W. M. and containing 400 acres, less rail-road right-of-way. We understand that this land is subject to an incumbrance of Eleven Thousand Five Hundred ($11,500) Dollars, which we will assume. We understand this incumbrance is in the shape of a contract, Fifteen Hundred ($1500.00) Dollars of it to be paid either November 1, 1919, or November 1, 1920, and the balance of Ten Thousand ($10,000) Dollars is to be a mortgage running for three years from the first day of May 1919, at 6%. However, at present you are to give us a contract for deed, and in case we should demand an extension of the Fifteen Hundred ($1500) Dollars, which is payable November 1, 1919, for another year, and make it payable November 1, 1920. You are to arrange the contract in such a manner that said extension will be granted. We want the privilege of paying this indebtedness on or before the three years time. Interest on the mortgages are to be computed on both

our places, and adjusted when deal is closed. Taxes to be paid on your place, as well as our when trade is made. We will give you 20 days from this first day of April 1919 to accept this proposition. Dated this 1st day of April 1919.          John F. Bach
          "Jean C. Bach."
"Executed in the presence of C. C. Chandler.
    "We the undersigned hereby accept your proposition. Dated this 5th of April 1919.
          "Felix Le Marinel.
          "Margaret Le Marinel.
    "This note is part and parcel of original proposition and contract. It being further agreed that LeMarinel and wife, are to deliver possession to Bach and wife, and Bach and wife are to deliver their place to Le-Marinel, subject to lease of grain rent, being two-fifths in warehouse and $100.00 per annum. Marketable titles are to be given by both parties, and ninety days time to be given to perfect same in case of any flaw appearing.          J. F. Bach
          "Felix LeMarinel."
    "In force when date of acceptance is herein filled by LeMarinel and wife."

On the 19th day of April, the appellant John F. Bach and the respondent Felix LeMarinel visited the Spokane county farm, and possession was thereupon delivered to Bach. Following this, they visited the Whitman county farm, and possession was delivered by Bach to LeMarinel. Each of the farms at the time was occupied by a tenant. LeMarinel arranged with his tenant to leave the place or be subject in his future relations thereto to Bach. Bach directed the tenants on his land to pay the rent which would accrue under the unexpired lease to LeMarinel. On the third day of May, 1919, a supplemental contract was entered into which was signed only by Bach and LeMarinel, but was not signed by the respective wives. This contract recites the payment of one thousand dollars by LeMarinel to Bach, and contains other provisions which have a tendency

to modify the original contract in some particulars in the interest of the appellants. On May 8, 1919, Bach wrote LeMarinel a letter in which he stated that the agreement relative to the exchange of the farms was terminated;

"for the reason and upon the grounds that your land is not as you represented it to me. Hence enclosed please find my check for $5 for money paid by you to me and also your check for $1000 which you delivered to me on the 3rd inst."

The respondents declined to recognize the termination of the contract, tendered the performance of the terms which had been imposed upon them, and brought this action for the purpose of enforcing specific performance.

Without discussion, it will be assumed that the contract is one which is covered by the statute of frauds and that all the essential terms thereof must be in the writing and that, the property being community property, the signature of the wives to the contract was a necessary requirement. The first point made by the appellant is that the note on the contract below the signature of LeMarinel and wife was not there at the time it was signed by Mrs. Bach. Upon this question, the evidence is conflicting, but seems to us to establish the fact that the note was upon the contract at the time in question. In any event, it does not impose any burdens upon the appellants in addition to those specified in the contract proper other than the law would require when the deal was closed. It provides for the delivery of possession and for marketable titles. The provision with reference to LeMarinel taking the Whitman county land subject to the lease, grain rent, etc., was for the benefit of the appellants, and if it modified the contract would not furnish a reason for them to refuse performance.

The second point is that the contract was defective because it is said that it does not name the respondents as parties thereto. The contract is somewhat informally drawn and purports to be a proposition coming from the appellants. After reciting the consideration, it says "we will give 'you' our farm," and so forth. The argument is that oral testimony is necessary to show who is meant by "you," and therefore resort must be had to that kind of evidence to sustain an essential term of the contract. The fallacy of this argument is in the fact that it takes no account of the signatures of LeMarinel and wife which appear upon the contract after the recital that they accept the proposition which was made by the appellants. The names of the parties to the contract plainly appear thereon and there is no merit in the contention that it is necessary to resort to oral testimony to determine who is meant by "you." The case of *Carrick v. Mincke,* 60 Mo. App. 140, is distinguishable. There, there was nothing on the face of the writing itself to identify the person referred to therein as "you." Here the signatures furnish the identification.

The next point is that the contract is partly in writing and partly oral, and therefore under the statute of frauds is an oral contract. It will be admitted that if the contract was partly in writing and partly oral under the statute of frauds, it would be an oral contract. In other words, if it were necessary to resort to oral testimony for the purpose of establishing any of the essential terms, the contract is oral.

It is claimed that the contract was partly oral because it is necessary to resort to oral testimony to identify the contract under which the respondents held their Spokane county land and which contract is referred to in the contract between the parties to this

action. Oral evidence may be introduced to show the situation of the parties and the circumstances attendant upon the transaction for the purpose of applying the contract to the subject-matter and of showing the connection of different writings constituting the memorandum with one another. *Lee v. Butler,* 167 Mass. 426, 46 N. E. 52, 57 Am. St. 466; *Shelinsky v. Foster,* 87 Conn. 90, 87 Atl. 35, Ann. Cas. 1914C 1007. Other cases might be cited, but the rule seems so well settled that the multiplication of authorities is hardly necessary. The evidence in this case offered and received by the court was within the recognized rule. It was for the purpose of identifying the contract which the respondents had upon their land and which were referred to in the writing above set out.

The next point is that the contract relied upon is not complete and that some of its terms are left to be settled by future negotiations. It is undoubtedly the rule that courts of equity will not undertake to enforce a specific performance of an agreement unless its terms are such that they cannot be reasonably misunderstood. The contract recites that interest on the mortgages is to be computed. The land of the appellants was subject to a mortgage indebtedness of fifteen thousand dollars and that of the respondents to eleven thousand five hundred dollars. The price or consideration to be paid is an essential ingredient of the contract, and if it is neither ascertained nor rendered ascertainable, the contract is void if incomplete and incapable of enforcement. *Huston v. Harrington,* 58 Wash. 51, 107 Pac. 874. The interest matter referred to in the contract was one which was ascertainable by the computation and does not fall within the rule that the contract failed in an essential ingredient in that it did not fix the price. The case of

*Leslie v. Mathwig,* 131 Minn. 159, 154 N. W. 951, is not in point. There the contract, after fixing the purchase price and specifying certain initial payments, provided that the balance of the purchase price was to be arranged by adjustment of mortgages. There was nothing to show the rate of interest which the mortgages were to bear or the time that they were to run. These were matters which could not be made certain by computation, but in order to ascertain them, resort to oral testimony would have been necessary.

The tender of performance made on the part of respondents included an assignment of the contract which they held from one Taylor and consent on Taylor's part to the assignment as well as a tender of the six thousand dollars which the respondents were to pay the appellants. The appellants did not refuse to perform because the contract tendered was not such as they thought they were entitled to, but they based their claim in the first instance upon the alleged fact that the contract had been induced by fraud. If the court should be of the view that the contract to be tendered was different from that offered by the respondents, it would not follow that the action would absolutely fail for this reason, because, this being an equity action, the parties would undoubtedly be given the privilege of tendering such a contract as the court considered that they were under obligations to do.

The next point is that the contract was induced by fraud and that therefore it will not be specifically enforced. It may be admitted that, if the court should be of the view that the contract was tainted with fraud, it would not decree specific performance thereof. Upon the question as to whether there were fraudulent representations, the evidence is conflicting. The trial court apparently was of the view that the charge of

fraud had not been sustained, otherwise specific performance would not have been decreed. After reading the evidence and giving it careful consideration, we are of the opinion that the charge of fraud is not sustained, and that the only reason for failing to go forward with the contract was that the appellants became convinced that they had not made a good trade.

In the briefs some considerable space is devoted to the question whether the appellants were placed in possession of the Spokane county land and the respondents in possession of the Whitman county land. As we view the case, we attach no special importance to this question because, if it be assumed that possession was not actually given, it would not follow that the respondents were not entitled to the specific performance of their contract.

The judgment will be affirmed.

HOLCOMB, MOUNT, MITCHELL, and TOLMAN, JJ., concur.