# WILTON ERICKSON v. L. H. NELSON.

146 N. W. (2d) 768.

November 25, 1966—No. 40,262.

*Bennett & Bodger* and *R. A. Bodger,* for appellant.
*Lauerman & Willette,* for respondent.

PER CURIAM.

Defendant's motion to dismiss this appeal must be granted.

Plaintiff brought suit against defendant for specific performance of the following written instrument signed by both parties:

"This is an agreement between L. H. Nelson to sell his 160 acre farm 2 miles South of Kerkhoven to Wilton Erickson for the sum of $205 per acre on the basis of 160 acres. This day of Oct. 16, 1963. The seller to provide clear title and pay the 1963 real estate taxes. The buyer to pay down $500 until the deal is completed."

Defendant answered on March 18, 1964. Notice of lis pendens was not filed until April 26, 1965. The action was noticed for trial by plaintiff and tried by the court without a jury on November 30, 1965. On December 28, 1965, the court made findings that "in effect plaintiff abandoned" his right to purchase under the agreement and denied plaintiff any relief. The conclusions of law provide for a dismissal of the action with prejudice and that "[a] stay of 30 days is granted" but omit the usual direction, "Let judgment be entered accordingly." On January 4, 1966, defendant served notice of the filing of the findings upon plaintiff "for the purpose of limiting the time for appeal." Judgment was entered pursuant to the findings on January 28, 1966, by the clerk of court, who gave notice thereof to the parties. On January 26, 1966, plaintiff served a notice of appeal from "the order for judgment dated December 28, 1965, dismissing plaintiff's action with prejudice." During pendency defendant moved this court to dismiss the appeal on the ground that the appeal is "from an unappealable Order."

The court's dismissal of the action after trial, accompanied by findings

as required by Rule 41.02, Rules of Civil Procedure, is in every essential respect an adjudication on the merits denying all relief and does not merely "operate" as such under the language of the rule. As clearly contemplated by the findings and as required by Rule 58.01 when "all relief [is] denied," the clerk must forthwith enter judgment upon expiration of the stay without application therefor by the parties and despite the absence of an express direction by the court. Orders which require the entry of judgment are not final orders and, as to such orders, the purpose of Rule 58.01 is to hasten the entry of judgment, thus achieving finality. Unlike a dismissal for lack of jurisdiction, as in Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845, or a dismissal for failure to state a claim upon which relief can be granted, equivalent to an order sustaining the old demurrer, as in Royal Realty Co. v. Levin, 243 Minn. 30, 66 N. W. (2d) 5, the dismissal here requires the entry of judgment to become a final determination of the court. We cannot hold this attempted appeal, either as an appeal from an order of dismissal or from the findings, to be authorized by Minn. St. 605.09(d) or (e) without overruling a long line of decisions holding nonappealable findings of fact and conclusions of law as well as orders for dismissal, which require the entry of judgment to constitute a final determination of the action. See, Cunningham, *Appealable Orders in Minnesota,* 37 Minn. L. Rev. 309, 331.

Although our disposition renders unnecessary a review of the merits, because arguments were submitted, we express our conclusion that not only is the evidence sufficient to support the court's finding of an abandonment but it is also apparent that the agreement by reason of being incomplete as to the time of payment and performance is incapable of specific enforcement. Rahm v. Cummings, 131 Minn. 141, 155 N. W. 201; Leslie v. Mathwig, 131 Minn. 159, 154 N. W. 951; Williams v. Stewart, 25 Minn. 516.

Appeal dismissed.