Diane C. KIRBY, Respondent,

v.

Jerry D. KIRBY, Appellant.

No. C2–84–333.

Court of Appeals of Minnesota.

May 29, 1984.

Kenneth P. Griswold, Ruttenberg, Griswold, Orren & Associates, St. Paul, for appellant.

Theodore J. Collins, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

A non-custodial father attempts to appeal from an order increasing child support and awarding the custodial mother attorney fees. We grant discretionary review and affirm.

## FACTS

Jerry and Diane Kirby's marriage was dissolved in 1974. The dissolution decree granted custody of the couple's two children to the mother and ordered the father to pay $225 per month child support.

In June 1982, the mother moved for an increase in child support. The motion was consolidated with others made by the father for changes of visitation and custody.

Evidence before the family court referee showed that the father's gross income had risen from $14,935 in 1973 to $32,700 in 1981. In addition, the father had remarried. His new wife worked from 1977 through 1981 and had income from investments and rental property.

By contrast, the mother's net income rose from $440 to $896.21 ($997.32 after tax corrections) per month, not including child support. Her application for temporary relief listed monthly expenses of $1,413.92 for herself and the children. In addition, she attested to her need for additional funds to pay increased property taxes, to perform long-delayed home maintenance and repair, and to replace her 1973 car and several worn out appliances.

An order adopting the referee's findings was issued a full year after the mother's motion. The order increased child support to $540 per month and awarded the mother $3,000 attorney fees. Upon the father's motion, the court reconsidered the order. Despite errors in the referee's findings concerning the mother's income and the father's new wife's employment status, the court confirmed the order.

No amended judgment was ever filed. The father seeks to appeal from both the original order and from the affirmance of that order.

## ISSUES

1. Is an order to amend a dissolution decree or an order confirming an order to amend a dissolution decree an appealable order?

2. Did the trial court clearly err in increasing child support?

3. Did the trial court abuse its discretion in awarding attorney fees to the mother?

## ANALYSIS

### I.

The father seeks to appeal the court's orders pursuant to Minn.R.Civ.P. 103.03(e) and (g). The rule provides:

An appeal may be taken to the Court of Appeals: * * *

(e) from an order which, in effect, determines the action and prevents a judgment from which an appeal might be taken; * * *

(g) except as otherwise provided by statute, from a final order, * * *

Neither the trial court's order to amend the dissolution judgment nor its confirmation of that order are final orders. Likewise, neither order determines the action while precluding entry of a judgment from which an appeal might be taken.

The father's appeal is premature. Pursuant to Minn.R.Civ.P. 58.01, the trial court should have ordered the entry of an amended dissolution judgment. The court's failure to do so does not bring either of its orders within Rule 103.03(e) or (g). Even

in the absence of a direct court order, the clerk had a duty to enter judgment. *Erickson v. Nelson*, 275 Minn. 561, 146 N.W.2d 768 (1966). The father's counsel should have applied to the court to order entry and/or to the clerk to enter an amended judgment. Appeal could then properly be taken from the amended judgment.

However, in the interests of judicial economy, we have determined to grant discretionary review of the father's claims.

## II.

 Trial courts have broad discretion in determining child support, spousal maintenance, and division of property. If the determination has a reasonable and acceptable basis in fact, it must be affirmed. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983). We find the trial court's increase in child support from $225 to $570 per month is amply supported by the record.

Under Minn.Stat. § 518.64, subd. 2 (1982), child support may be modified upon a showing of substantially increased or decreased income or need which makes existing child support terms unreasonable and unfair. The record shows substantial increases in both the father's income and the children's needs. In light of those increases, the trial court could reasonably conclude that the $225 per month provided by the 1974 decree is inadequate and unfair.

The father contends $570 per month child support is excessive. He argues that the mother established need for a maximum of $360 per month child support, i.e. the difference between the mother and children's monthly expenses, as established by her application for temporary relief, and the mother's net income. The father's calculations ignore evidence of the mother's need for additional funds to pay increased property taxes, to perform long-delayed home maintenance and repair, and to replace her 1973 car and several worn out appliances. Considering these expenses and the father's income, the court's award of $570 per month was within its discretion.

## III.

Likewise, we will not disturb the trial court's award of $3,000 attorney fees. Allowance of attorney fees in dissolution cases rests almost entirely in the discretion of the trial court. An award should not be disturbed absent clear abuse of discretion. *Deliduka v. Deliduka*, 347 N.W.2d 52 (Minn.App.1984). Given the extensive, protracted legal proceedings in this case and the discrepancy between the parties' incomes, the award was reasonable.

## DECISION

We affirm the trial court's modification of child support and its award of attorney fees and remand for entry of judgment.