In re the Marriage of: Linda Elaine WANGLIE, Petitioner, Respondent,

v.

David Oliver WANGLIE, Appellant.

No. C9–84–779.

Court of Appeals of Minnesota.

Oct. 30, 1984.

division of rental income from the homestead, in awarding one-half of the income to the wife, and in awarding the wife partial attorney fees. We affirm.

## FACTS

David O. Wanglie and Linda E. Wanglie were married on June 22, 1968, and have two minor children. Linda Wanglie commenced these dissolution proceedings in July 1982. At a pre-trial conference, the parties made certain stipulations, but were unable to agree on all matters. Disputed issues were tried.

The appellant, who had possession of the homestead, rented one of the rooms for $225 per month, from January 1983 to October 1983, for a total income of $2,250. The trial court found that respondent was entitled to one-half of the rental payments, and awarded her an offset in that amount against appellant's interest in the homestead.

The trial court also ordered that appellant pay partial attorney fees to respondent in the amount of $2,500.

## ISSUES

1. Did the trial court err in dividing sums received by appellant from rental of a room in the parties' home prior to the dissolution?

2. Did the trial court err in ordering appellant to pay partial attorney fees to respondent?

David Oliver Wanglie, pro se.

Frederick A. Allen, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

The husband appeals from a dissolution judgment and decree, contending that the trial court erred in considering the issue of

## ANALYSIS

1. Appellant contends that the disposition of income from the rental of the room in the homestead was not before the court, either as stated in the July 14, 1983, pre-trial order or at trial. He argues that because he did not know the matter was before the court, he did not present evidence on the issue, specifically evidence of expenses, which would offset the income, and he was thereby prejudiced.

However, the pre-trial order stated that division of personal property was

among the issues to be submitted to the trial court. It was within the scope of resolving that issue to divide income from the rental of the room in the homestead.

Appellant states the court did not indicate during trial that division of the rental income was before it. However, respondent contends the homestead rental income was fully litigated at trial. Because appellant supplied only a partial transcript, we do not have a sufficient record to determine whether the issue was in fact fully litigated at trial. In the absence of relevant portions of the transcript, this court cannot consider the claim. *See Godbout v. Norton*, 262 N.W.2d 374, 376 (Minn.1977), *cert. denied*, 437 U.S. 901, 98 S.Ct. 3086, 57 L.Ed.2d 1131 (1978).

In any event, such income was marital property. Minn.Stat. § 518.54, subd. 5 (1982). The trial court must make a "just and equitable" division of the marital property of the parties. Minn.Stat. § 518.58 (1982). Absent a clear abuse of discretion, the trial court's decision on the division of property will not be overturned. *Stevens v. Stevens*, 300 N.W.2d 1 (Minn. 1980). In the record before us, we do not find an abuse of discretion in the trial court's division of the parties' property.

2. Minn.Stat. § 518.14 (1982) provides that the trial court, after considering the financial resources of both parties, may require one party to pay attorney fees. Allowance of attorney fees is almost entirely within the discretion of the court. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct. App.1984). The standard of review requires a clear abuse of discretion for reversal. *Id.* The trial alone in this case lasted five days. Appellant's income was much greater than respondent's. We are not persuaded the trial court abused its discretion in awarding respondent $2,500 in partial attorney fees.

## DECISION

The trial court did not err in awarding respondent one-half of the income arising from rental income, nor did it abuse its discretion in awarding attorneys' fees to respondent.

Affirmed.