In re the Marriage of Jolene J. **LUKANEN, Petitioner, Respondent,**

v.

**Jeffrey D. LUKANEN, Appellant.**

No. C1–84–1067.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Richard J. Haefele, Chaska, for respondent.

Robert L. Bach, St. Paul, for appellant.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

The father appeals modification of the child support and medical expense provisions of the dissolution decree. He also challenges the trial court's award of attorney fees. The mother cross-claims for attorney fees on appeal. We affirm.

## FACTS

Jeffrey and Jolene Lukanen's marriage was dissolved in 1980. The dissolution decree gave the mother custody of the couple's daughter Kelly. The decree required the father to pay $200 per month child support. It called for $25 per month increases in support in January 1982 and 1983. The decree also required the father to maintain medical/hospitalization insurance for Kelly.

In May 1984, the mother brought a motion to reduce child support arrearages to judgment, to increase monthly child support payments, to require the father to pay all medical and dental bills for the child, and for attorney fees. The parties submitted the matter to the trial court on affidavits. The parties agreed upon a payment schedule for the support arrearages. In addition, the father agreed to sign and submit to his insurer claims for his daughter's medical care.

The father grossed $15,600 in 1980. His gross earnings for 1983 exceeded $39,000, and his gross earnings for the first two and a half months of 1984 exceeded $9,600. The 1983 and 1984 figures include frequent overtime work. The trial court found the father has a monthly net income of $1,730. That figure includes approximately five hours per week overtime. The father's living expenses total $1,327 per month.

The mother grossed $14,500 in 1980. She now grosses $20,760 per year. She has a net income of $1,142 per month. Living expenses for her and her daughter total $1,698 per month, including day care.

The trial court ordered the father to pay child support arrearages according to the stipulated schedule. It increased the father's child support obligation from $250 to $400 per month. It required him to cooperate in the processing of medical claims, and made him liable for medical expenses the insurer refuses to pay because of his delayed submission of claims. Finally, the

court awarded the mother $250 attorney fees.

## ISSUES

1. Did the trial court err in increasing child support where the father's income has increased substantially since the dissolution?

2. Did the trial court err in making the father liable for his daughter's medical expenses which his insurer refuses to pay because he submits claims late?

3. Did the trial court err in awarding the mother attorney fees?

4. Is the mother entitled to attorney fees on appeal?

## ANALYSIS

1. The father challenges the trial court's ordered increase of child support from $250 to $400 per month. He contends the trial court erred in considering changes in the parties' *gross* rather than *net* incomes. He also challenges the inclusion of overtime income in the court's calculation of his net income.

■ Trial courts have broad discretion regarding child support matters. *Halper v. Halper*, 348 N.W.2d 360, 363 (Minn.Ct. App.1984). If the determination has a reasonable and acceptable basis in fact, it must be affirmed. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App.1984); *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn.1983).

Under Minn.Stat. § 518.64, subd. 2 (Supp.1983),

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * any of which makes the terms unreasonable and unfair.

The record supports the trial court's finding that there has been a substantial increase in the father's income which makes the original support provisions unfair.

Since the dissolution decree listed only gross incomes, the trial court could not compare changes in the parties' net incomes. However, a comparison of their gross incomes shows a growing disparity in the Lukanens' incomes since the dissolution.

■ Since October 1980 the father's gross income has risen from $15,600 to more than $39,000 per year, including overtime pay. Even discounting overtime, he earns $28,500 per year, an 83 percent increase over his 1980 income. By contrast, the mother's gross income has risen from $14,516 to $20,760, a 43 percent increase. Living expenses for mother and daughter exceed the mother's net income by approximately $550 per month. Under these circumstances, the trial court could reasonably conclude that $250 per month child support is inadequate and unfair.

Furthermore, the ordered increase of $150 per month is reasonable in light of the father's net income, even without consideration of overtime work, and the level of need established by the mother. Because we base our decision on consideration of only the father's regular income, we do not reach the issue in this opinion of whether it is proper to consider overtime income in setting child support. Such a consideration is unnecessary to the decision here.

■ 2. The father contends that the trial court abused its discretion in exceeding the agreement of the parties concerning medical expenses. The parties stipulated that the father will provide claim forms to the mother, and will sign and submit claims to his insurer. In addition, the trial court made the father liable for medical expenses not paid by the insurer because of his delayed submission of claims.

The additional provision was within the sound discretion of the court. The mother's affidavit alleged that the father's refusal to submit insurance claims has jeopardized the availability of medical care for Kelly. The father's insurer has refused to pay some claims because they were not filed timely. In addition, because of de-

layed insurance payments, the mother has been informed that she must pay cash in advance for future medical care for Kelly.

The court's order is tailored to give the father an incentive to file timely claims. It is reasonable in that it penalizes him only when he delays submission of claims *and* the insurer refuses payment for that reason.

3. The father also challenges the award of $250 attorney fees to the mother. Allowance of attorney fees in dissolution cases rests almost entirely in the discretion of the trial court. An award should not be disturbed absent clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn. Ct.App.1984). Given the discrepancy between the parties' incomes, the child support arrearages by the father, and his lack of cooperation in the submission of medical claims, the award was reasonable.

4. The mother seeks attorney fees on appeal pursuant to Minn.Stat. § 549.21 (1982) and Minn.R.Civ.App.P. 138.

We find that the father's appeal was not frivolous nor undertaken solely to harass the mother. Therefore, the mother is not entitled to attorney fees on appeal.

## DECISION

We affirm the trial court's modification of child support and medical expense provisions of the dissolution decree, and its award of attorney fees. We decline to award attorney fees on appeal.