**In re the Marriage of Jeanne A. MEYER, Petitioner, Respondent,**

**v.**

**Ronald L. MEYER, Appellant.**

**No. C6–84–853.**

Court of Appeals of Minnesota.

Dec. 11, 1984.

William D. Howard, Edina, for respondent.

Donald F. Giblin, St. Paul, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Ronald Meyer appeals an order that denied his motion to modify a judgment and decree dissolving his marriage to respondent Jeanne Meyer. Appellant contends that a child support award in the judgment should have been modified because of a substantial change of circumstances, and that the original support award is so excessive that it constitutes spousal maintenance. He further contends that the trial court's award to Jeanne Meyer of $2,500 in attorney fees was an abuse of discretion. We affirm.

## FACTS

The parties were married on September 13, 1958. They had five children: Michele (1960), Mark (1961), Gregory (1963), Lisa (1966), and Michael (1975). A dissolution judgment was entered on March 13, 1979, and Ronald Meyer did not appeal from that judgment.

Under the terms of the judgment, Jeanne Meyer was given legal and physical custody of the four minor children, subject to reasonable visitation by appellant. The homestead was awarded to respondent subject to a $15,000 lien in favor of appellant. Ronald Meyer was awarded a 1957 Jaguar automobile, equipment used in his business, and his interest in property inherited from his father. He was ordered to pay child support according to the following formula:

> The Respondent shall pay $450 per month for child support while there are four minor children with the Petitioner, $375 a month while there are three minor children living with the Petitioner, $300 per month while there are two minor children living with the Petitioner and $200 a month while there is one minor child living with the Petitioner. In addition thereto, the Respondent shall pay to the Petitioner a percentage of his adjusted gross income as demonstrated by his Federal income tax return to the extent that his said adjusted gross income exceeds the amount of $15,000.00 per year. For this purpose, the Respondent shall be required to disclose to the Petitioner his Federal income tax returns filed annually. To the extent that the Petitioner's adjusted gross income exceeds $15,000.00 per year, he shall pay to the Petitioner 2 per cent per month of the excess (as an example, if the Petitioner's adjusted gross income should be $25,000.00 he would have an excess of $10,000.00 per year and would pay an additional $200 per month child support) not conditioned upon the number of children in the homestead and living with the Petitioner, so long as there are any minor children living with the Petitioner, payable the August 1 following the April for which the return should be filed.

Ronald Meyer has made and continues to make the base support payments as ordered. This appeal involves the payments calculated at 2 per cent per month (or 24% per year) of Ronald's adjusted gross income in excess of $15,000.00. The formula was based on the trial court's finding that Ronald Meyer was earning less at the time of dissolution than his demonstrated earning capacity.

Ronald Meyer has been a sales representative for Aamco Tool since January 1980. His income has varied greatly from year to year because he has changed jobs and because he works on a commission basis. The record discloses the following income history for Ronald Meyer:

| Year | Adjusted Gross Income |
|------|------------------------|
| 1970 | $16,759.00 |
| 1971 | 19,291.00 |
| 1972 | 21,232.00 |
| 1973 | 31,990.00 |
| 1974 | 34,021.00 |
| 1975 | 25,540.00 |
| 1976 | 31,108.00 |
| 1977 | 14,917.00 |
| 1978 | 10,157.00 |
| 1979 | 10,679.00 |
| 1980 | 17,615.00 |
| 1981 | 17,470.00 |
| 1982 | 40,068.00 |

Jeanne Meyer is a secretary employed by the Professional Association of Treatment Homes. In 1979, she had a gross income

of $8,961.00. Her income has risen steadily; in 1982, she had a gross income of $16,472.00.

Ronald Meyer has been reluctant to comply with the provision of the judgment for child support based on annual income over $15,000. He provided no income tax returns to Jeanne Meyer until July of 1983. When delivered, those returns showed that he owed respondent unpaid additional support of $1,225.40 for 1980 and 1981, and $6,016.32 for 1982.

Jeanne Meyer brought a motion on September 9, 1983, to adjudge Ronald Meyer to be in contempt of court and to enter a judgment against him for unpaid sums due for the years 1980–1982. Ronald Meyer brought a counter-motion, requesting a change in the legal custody of Michael Meyer, a court services evaluation, and an evidentiary hearing on the issue of child support.

The trial court denied the motion to change the legal custody of Michael and ordered payment of $1,225.40 in support due for 1980 and 1981. The order also awarded $250.00 in attorney fees to Jeanne Meyer. Ronald Meyer then paid the $1,225.40 as ordered, but did not pay the attorney fees. The matter of 1982 support was continued. Meyer did not appeal this order.

Ronald Meyer filed a second motion on October 31, 1983. That motion requested that joint physical custody of Michael be established, and that the judgment and decree be amended to conform the support payments to the new custody status of Michael. The trial court referee ordered a court services custody evaluation and set the matter for a hearing on the issues of custody and finances.

Following a hearing on the motion of Ronald Meyer, the court found that he had failed to prove a substantial change of financial circumstances, and that his income and ability to pay child support had increased since the dissolution. The court also found that no change in custody was warranted, but that the visitation rights of the father should be increased.

The trial court denied Ronald Meyer's motion to modify the judgment and decree and ordered that the unpaid support of $6,016.32 be deducted from the lien held by Ronald against the homestead. An increased visitation schedule was set forth. The court also awarded $2,500.00 in attorney fees to Jeanne Meyer in addition to the $250.00 previously awarded.

Ronald Meyer appeals this order.

## ISSUES

1. Did the trial court err when it did not find a substantial change of circumstances and denied appellant's motion to modify a child support award?

2. Did the trial court abuse its discretion when it awarded $2,500.00 in attorney fees to the respondent because of the disparity in income between the parties?

## ANALYSIS

1. Minn.Stat. § 518.64, subd. 2 (Supp. 1983) provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party * * * which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any. A modification which decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful.

■ The trial court's findings of fact must be accepted unless they are clearly erroneous. Minn.R.Civ.P., Rule 52.01. The court has broad discretion in child support matters. *Lukanen v. Lukanen,* 357 N.W.2d 380 (Minn.Ct.App.1984). If the determination has a reasonable and acceptable basis in fact, it must be affirmed. *Id.*

Appellant contends that an increase of Jeanne Meyer's income and the emancipation of two of the four children constitute a substantial change in circumstances, and that this change should relieve him of his obligation to pay $6,016.32 in additional support based on his 1982 income and his obligation to pay additional support in the future.

The record shows that Jeanne Meyer's gross income increased from $8,961.00 in 1979 to $16,472.00 in 1982, but over the same years Ronald Meyer's adjusted gross income rose from $10,679.00 to $40,068.00.

■ The fact that two children have become emancipated is not a substantial change in circumstances since it was clearly contemplated at the time of dissolution. The judgment provided that monthly support payments would decrease as children were emancipated. Appellant did not show an unusual or unexpected decrease in need due to the emancipation of two children.

It follows that the trial court did not clearly err in finding the absence of a substantial change in circumstances requiring reduction of appellant's child support obligation.

■ Appellant contends that the child support award is excessive and constitutes spousal maintenance. He argues that we must reverse the modification decision in the interest of justice. Indeed, the obligation is large, but that issue is not before us. The equities of the award were settled when judgment was entered and appeal rights expired.

■ 2. Minn.Stat. § 518.14 (1982) provides that the trial court, after considering the financial resources of both parties, may require one party to pay reasonable attorney fees. An award of attorney fees is almost entirely within the discretion of the trial court, and should not be disturbed absent clear abuse of discretion. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App. 1984).

■ The trial court here made specific reference to the disparity in income between the parties when it awarded $2,500.00 in attorney fees to Jeanne Meyer. The record shows that Ronald Meyer's 1982 income was almost three times that of Jeanne. In light of that fact, and due to the extensive litigation between the parties, the award of attorney fees was within the discretion of the trial court.

### DECISION

The trial court did not err when declining to modify a child support award. The award of $2,500.00 in attorney fees was reasonable and within the discretion of the trial court.

Affirmed.