**In re the Marriage of Jon R. GRUNSETH, Petitioner, Appellant,**

v.

**Katherine S. GRUNSETH, Respondent.**

No. C4–84–1807.

Court of Appeals of Minnesota.

March 5, 1985.

Review Denied May 20, 1985.

Ronald B. Sieloff, P.A., Patricia L. Peterson, St. Paul, for appellant.

Grossman, Karlins, Siegel & Brill, Wood R. Foster, Jr., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Jon Grunseth appeals from the trial court's order dated September 26, 1984, requiring support payments, insurance payments and attorney's fees. We affirm.

## FACTS

Jon R. Grunseth and respondent Katherine S. Grunseth entered into a stipulation which was incorporated into a Judgment and Decree of Dissolution entered on April 8, 1983. Subsequent to the dissolution, several issues were raised, the facts of each to be discussed below. The case was decided on the affidavits supplied by the parties; no testimony was taken except for several inquiries by the trial court.

## ISSUES

1. Was Jon's obligation to pay child support terminated when his daughter, Nina, moved out of Katherine's home?

2. Did the trial court err by finding that it would be in Nina's best interests if she were permitted to finish her senior year at the Children's Theater School?

3. Is Jon required under the terms of the judgment and decree to pay premiums on individual health insurance for Katherine?

4. Should Katherine be required to contribute towards Jon's transportation expenses incurred as a result of visitation privileges?

5. Did the trial court abuse its discretion by awarding Katherine attorney's fees?

## ANALYSIS

### Child support

The parties have three minor children. Pursuant to the 1983 decree, Jon is required to pay $50 a month per child until July 5, 1985, at which time the payments will increase to $400 per month per child. The Decree then provides:

> Child support shall continue with respect to each child until said child attains the age of eighteen (18) years, is emancipated, *permanently moves out of the home of wife,* is self-supporting or is deceased, whichever event shall first occur.

(Emphasis added).

Jon stopped paying the $50 per month child support for his 17 year old daughter

Nina after the June 1984 payment without a court order, contending Nina permanently moved out of Katherine's home in Hastings. Nina began living with her grandparents in Minneapolis in September 1982 in order to attend the Children's Theatre. She still maintains a bedroom in Hastings. The trial court ordered Jon to pay the delinquent child support and to remain current in the future.

■■■■ This situation does not differ from the situation where a child attends an out-of-town boarding school but has not permanently moved. Whether Nina intends to return home after graduation in early 1985 is irrelevant because she will be 18 in July 1985, at which time Jon's obligation to pay support terminates. A trial court's findings will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

### Education

The Children's Theatre is a private school in Minneapolis which emphasizes the performing arts. Jon seeks to remove Nina from the school because he believes she does not receive proper guidance from her grandparents. He is concerned with the academic caliber of the school itself and emphasizes the fact that allegations of sexual abuse have recently surfaced.

■■■■ Nina testified that it would be in her best interest to remain and be permitted to finish her senior year at the Children's Theater School. We agree. She has been attending the Children's Theatre for three years and will be graduating in May or June 1985.

### Health Insurance

In the 1983 decree, the parties stipulated that Jon would provide health insurance for Katherine. The specific language of the decree provides:

Husband shall carry, *maintain and pay all premiums on all group health insurance*, dental insurance or participation in a health maintenance organization providing coverage for the children of the parties and the Wife that may be available through Husband's employment or subsequent employment and Husband shall elect the maximum medical and dental coverage available through his employment or subsequent employment. Upon the demand of Wife, Husband shall provide proof of insurance coverages. The obligation to provide health protection coverage for the children of the parties imposed by this Paragraph shall terminate when Husband's insurance no longer will provide coverage for the children of the parties, even though said children have attained the age of eighteen years of age, are emancipated or self-supporting. *The obligation to provide health protection coverage for wife imposed by this Paragraph shall terminate upon the Wife's remarriage or upon Husband's severance of employment at Economics Laboratory, Inc. whichever event first occurs.*

(Emphasis added). In 1984, Jon remarried causing Katherine to be removed from his health insurance program at Economics Laboratory, his employer. Although Economics Laboratory will continue to provide coverage for Katherine at a cost to Jon, Jon argues this policy is an "individual" policy and not a "group" policy as required by the Decree.

■■■■ In drafting their stipulation, the parties intended to provide Katherine with "health protection coverage" until Katherine remarried or Jon ended his employment at Economics Laboratory. Since neither event has occurred, Katherine is entitled to coverage.

### Visitation Transportation

Katherine lives in Hastings where the parties lived during their marriage. At present, Jon lives in St. Paul, approximately 35 miles from Katherine. Jon visits the children every other week, resulting in a 70 mile round trip. Jon requested the trial court to order Katherine to drive one direction because the expense of transportation was burdensome to him.

■■■■ The distance traveled by Jon to visit his minor children residing in Hastings

 

is approximately the same distance which he traveled each day to and from work when he lived in Hastings. It was Jon's decision to move from Hastings. The trial court's denial of Jon's request is not clearly erroneous.

■ Jon also argues that the court's order ignored the decree which refers questions relating to custody and visitation to court services. When Jon asked the trial court to order Katherine to share in the transportation costs, he effectively waived that requirement of the decree.

### Attorney's Fees

■ The trial court awarded Katherine $250 for attorney's fees. An award of attorney's fees rests almost entirely in the discretion of the trial court. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App. 1984). Its discretion has not been abused.

### DECISION

Affirmed.