**In re the Marriage of Barbara A. DINWIDDIE (Cameron), petitioner, Appellant,**

**v.**

**Harry E. DINWIDDIE, Respondent.**

**No. C8–85–279.**

Court of Appeals of Minnesota.

June 11, 1985.

Gary L. Monahan, Morem & Monahan, Ltd., Le Sueur, for appellant.

Paul A.R. Mason, Le Sueur, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Barbara Dinwiddie seeks review of a January 16, 1985 order denying her motion to amend a December 18, 1984 order increasing child support. The appeal is taken from a nonappealable order. We dismiss.

## FACTS

Barbara and Harry Dinwiddie were divorced in 1978 pursuant to stipulation. The decree required respondent to pay child support of $1,800 per year. Judgment was entered on January 21, 1978.

In September 1984, appellant sought increased support. On December 18, 1984, the trial court issued its findings and order which amended the judgment and decree and required respondent to pay support of $250 per month. Although the order specifically amended the support provisions of the decree, it appears no amended judgment was ever entered.

In January 1985, appellant moved to amend the December findings and order.

Appellant argued the trial court miscalculated respondent's net income for purposes of applying the statutory child support guidelines. By order dated January 16, 1985, the trial court denied appellant's motion to amend. On appeal from that order, Barbara Dinwiddie argues respondent's net income is greater than stated by the trial court and asserts the trial court made insufficient findings to support a downward departure.

## ISSUE

Has appellant appealed from an appealable order?

## ANALYSIS

■ 1. Appellant asks this court to review an order denying her motion to amend and, indirectly, the order for increased child support. An order increasing support is not appealable, although appeal may be taken from an amended judgment entered pursuant to the order. *Kirby v. Kirby*, 348 N.W.2d 392, 393–94 (Minn.Ct.App.1984). The trial court in this case specifically ordered the judgment and decree amended. "Even in the absence of a direct court order, the clerk had a duty to enter [an amended] judgment." *Id.* (citing *Erickson v. Nelson*, 275 Minn. 561, 146 N.W.2d 768 (1966)).

■ In *Kirby*, we reviewed even though appellant failed to appeal from an amended judgment. Here appellant failed to obtain an amended judgment and perfect a proper appeal from that judgment. Likewise, appellant failed to appeal the order for increased support. Instead, appellant seeks review of an order denying a motion for amended findings. That order is not appealable either. *Rathbun v. W.T. Grant Company*, 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974); *Kempf v. Kempf*, 287 Minn. 529, 177 N.W.2d 40 (1970).

## DECISION

An order for an amended judgment and an order denying a motion for amended findings are nonappealable. We dismiss the appeal.

Dismissed.