In re the Marriage of Pamela Kay
NIEMI, f/k/a Pamela Kay Scha-
chtschneider, petitioner, Respondent,

v.

Steven Douglas
SCHACHTSCHNEIDER, Appellant.

No. C9–88–1780.

Court of Appeals of Minnesota.

Jan. 31, 1989.

Mark J. Thomason, Park Rapids, for re-
spondent.

Allen Haugrud, Fergus Falls, for appel-
lant.

Considered and decided by
CRIPPEN, P.J., and RANDALL and
BOWEN,* JJ.

* Acting as judge of the Court of Appeals by ap-  pointment pursuant to Minn. Const. art. VI, § 2.

## OPINION

CRIPPEN, Judge.

The trial court denied appellant's motion to modify a child custody decision because there were insufficient grounds under Minn.Stat. § 518.18(d) (1988). We affirm.

## FACTS

The 1973 marriage of appellant Steven Schachtschneider and respondent Pamela Schachtschneider Niemi was dissolved in 1983. Custody of their son, now age 16, and their daughter, now 11, was placed with the mother. This appeal arises out of appellant's 1987 application for a change of custody. Based on affidavits, arguments, reports and letters, the trial court found that the parties' son:

(1) was not adjusting well to his environment living with his mother, has become withdrawn and depressed, demonstrated impulsive behavior, angry outbursts, and insensitivity;

(2) has expressed a strong desire to live with his father;

(3) has indicated that he might run away from home if custody is not transferred to his father.

Based on these findings the court found that the boy's environment "may" endanger his emotional development. The court then scheduled an evidentiary hearing on the question of this child's custody and ordered psychological evaluations of the parties involved. The court ordered no evidentiary hearing regarding the welfare of the parties' daughter, finding the evidence, including appellant's affidavit, did not indicate the same possibility of her endangerment.

The matter of the older child's welfare came before the court again four months later. The court received at that time a lengthy social report from a consulting psychologist who evaluated the custodial circumstances of both children. He advised the court that the "best interest of the children would be most effectively served by granting Mr. Schachtschneider physical custody of the children with Mrs. Niemi to have liberal visitation rights." The psychologist stated in his conclusions and recommendations that:

Both children perceive their father as having, overall, superior parenting abilities and as much more able to meet their vital needs for nurturance, support, understanding, and pleasant family activity. Both have verbalized a preference for living with their father. These types of comments, along with the test results, imply a better parent-child relationship and stronger bonding between Mr. Schachtschneider and the children than Mrs. Niemi and the children.

The psychologist also noted both children believe their relationship with their stepmother is better than with their stepfather.

The son's guardian ad litem also favored change of his custody. At the hearing the guardian testified that she did not know whether the son would become any worse off living with his mother, but there was a possibility he would begin to do better with his father. She also testified to the son's intense desire to live with his father, stating, "it seems to be pervading everything in his life and I think there is a chance he could do better with his father."

As to the degree of need for a change in custody, the psychologist made the following observation:

While I do not feel the children's current environment with their mother is of physical danger to them, I believe their emotional health can be most advantageously developed by residing with their father.

The psychologist was not called as a witness to elaborate on his report.

Based on this record the trial court found:

[T]here is not sufficient evidence to support a finding that the present environment impairs emotional development to such a degree that a change of custody would be warranted.

The court concluded as matter of law "[t]here are insufficient grounds under Minn.Stat. § 518.18(d) to justify modification of the 1983 custody order."

## ISSUES

1. Did the court misapply the law or misstate the facts in declining to modify the 1983 custody placement?

2. Did the trial court err in failing to schedule an evidentiary hearing regarding the custody of the younger child?

3. Did the trial court err in denying respondent's motion for attorney fees?

## ANALYSIS

■ 1. Emotional development of children. To modify a custody order the trial court must find that a change in the circumstances of the children or the custodian has occurred and that modification is necessary to serve the best interest of the child. Minn.Stat. § 518.18(d). The legislature added the following instructions:

> In applying these standards the court shall retain the custodian established by prior order unless:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

*Id.*

It is evident here that the trial court recognized the threshhold issue of whether the evidence showed endangerment of the children's emotional health or impairment of their emotional development. The court in its final order acknowledged the convincing evidence on benefits of a change in custody:

> There is evidence to suggest that the present home environment is not as suitable as the proposed environment concerning the emotional health of children.

Nevertheless, the court declined to change custody, concluding there was insufficient evidence of danger to the children's emotional health or impairment of their emotional development.

■ The trial court's finding on the threshold issue is not clearly contradicted by the evidence of record. Absent clear error, we cannot set aside the finding. Minn.R.Civ.P. 52.01. Although the record includes telling proof that the best interest of the children would be served by a change in custody, there was only a single specific observation on the effects of their present environment on their emotional health or development: the consulting psychologist observed the children's emotional health would be most advantageously developed by residing with their father. No evidence was submitted that directly stated an impairment or endangerment to their emotional development. This record furnishes us too little to support the contention of clear trial court error.

■ 2. Evidentiary hearing. An evidentiary hearing was scheduled regarding the welfare of the older child. Neither then nor at the original motion hearing did appellant identify direct evidence that the emotional development of the second child was impaired.

It is not an abuse of the trial court's discretion to refuse to schedule an evidentiary hearing and deny a motion for a custody modification if the moving party fails to "establish satisfactorily on a preliminary basis that there has occurred a sufficient change of circumstances" calling for modification. *Nice–Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981). Striking evidence on the child's best interests does not permit us to say there was a sufficient showing as a matter of law that the child's physical or emotional health or development is endangered.

■ 3. Attorney fees. An award of attorney fees "rests largely in the discretion of the trial court and normally will not be disturbed unless there is a clear abuse of discretion." *Borchert v. Borchert,* 279 Minn. 16, 21, 154 N.W.2d 902, 906 (1967). We will rarely correct the trial court on this issue. *Rosenberg v. Rosenberg,* 379 N.W.2d 580, 587 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Feb. 19, 1986). Without a sufficient showing of a disparity in the financial resources of the parties, a full attorney fee award is not justified under section 518.14. *Sullivan v. Allen,* 419

N.W.2d 822, 825 (Minn.Ct.App.1988). In this case there has been no showing of materially different circumstances. Thus, the trial court's failure to award fees was not an abuse of discretion warranting reversal. *See, Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

### DECISION

Having in mind the legal standards on modifying custody and awarding attorney fees, the evidence of record, and the governing standard of review, the trial court's decision here must be affirmed.

AFFIRMED.