**Floyd Harvey ASMUS, Appellant,**

v.

**Francis J. OURADA, Respondent.**

No. C6–87–589.

Court of Appeals of Minnesota.

Aug. 18, 1987.

Dewey M. Nelson, Dewey M. Nelson & Associates Ltd., Alexandria, for appellant.

Brian L. White, Franta & White, Wabasso, for respondent.

Considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN,* JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Floyd Harvey Asmus appeals a summary judgment and an award of $3,250.50 in costs, disbursements and reasonable attorney's fees granted in favor of respondent Francis J. Ourada. Summary judgment was granted on appellant's contract claim because appellant's counsel had failed to file his complaint with the court and tender the required filing fee.

## FACTS

In August of 1979 appellant Floyd Harvey Asmus sold farm land by contract for deed to Jerome and Joyce Ourada. The contract provided for a purchase price of $275,000.00 at 8%, with a down payment of $60,000.00. Annual payments of $5,000.00 plus interest were to be paid on the first day of December each year until December 1, 1989. The contract covered various items of farm machinery as well as the farm land. The contract provided that "[d]efault in the payments provided herein shall result in the forfeiture of said personal property as well as the real estate herein described."

Over two years later, in March of 1982, Jerome and Joyce Ourada assigned their interest in the contract for deed to respondent Francis J. Ourada. Respondent Francis J. Ourada made all the required payments from the December 1, 1981 payment to the December 1, 1984 payment. Ourada failed to make the required December 1, 1985 payment of $20,600.00, $5,000.00 plus $15,600.00 interest, and failed to pay real estate taxes of $1,964.48, as required by the parties' contract.

Appellant Asmus brought suit against Ourada by serving a summons and complaint on April 16, 1986. In the complaint Asmus demanded judgment in the amount of $20,600.00 for the missed December 1, 1985 payment and $1,964.48 for the unpaid property taxes. Ourada was served with the complaint, but Asmus's attorney failed to file the complaint with the court and pay the necessary filing fee.

Respondent Ourada brought a motion for summary judgment claiming that Asmus's remedies for breach of the contract were limited by express provisions of the contract. Ourada claimed that under the contract Asmus's only remedy was repossession of the disputed property in the event of breach. Ourada also claimed that he had abandoned the property and that Asmus acquiesced to such an abandonment by renting the property to a third party, making Ourada's claim void. Ourada filed a memorandum in support of his motion, as well as supporting affidavits. Asmus did not file a response at this time.

The hearing on Ourada's summary judgment motion took place on October 6, 1986. Both parties' counsel appeared. At the hearing the trial court discovered that Asmus had failed to file a complaint with the court and had failed to pay the required

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

filing fee. The trial court advised Asmus's counsel of the problem, who assured that it would be solved. Subsequent to this hearing, on October 16, 1986, Asmus filed a memorandum in opposition to Ourada's motion. Ourada filed a reply memorandum four days later.

The facts at this point are unclear, but apparently Asmus then refused his attorney's request for additional money to pay the necessary filing fee, because Asmus had already given his attorney a five hundred dollar retainer to cover such expenses. Regardless, a complaint was not filed and filing fee not paid. On January 9, 1987 the trial court granted Ourada's motion for summary judgment because "plaintiff had not filed his complaint or paid his filing fees."

Respondent Ourada then moved for costs, disbursements and reasonable attorney fees pursuant to Minn.Stat. § 549.21 (1986). Ourada claimed Asmus's failure to file a complaint and pay the filing fee established bad faith under the statute. This motion was scheduled to be considered during a February 9, 1987 conference call. Asmus did not appear at that conference. The trial court was informed at the hearing that Asmus had become unrepresented. Subsequent to the hearing, Asmus directly contacted the clerk of court by phone, advising him that he was now unrepresented. Asmus was not allowed to speak to the trial court judge, but was advised by the clerk to obtain another attorney or contact Ourada's attorney.

On February 23, 1987 the trial court issued its order awarding Ourada $3,240.50 in costs, disbursements and attorney fees. The court specified the reason for granting Ourada's motion stating:

> It appears to the Court that the Plaintiff, who initiated the matter, has invoked the jurisdiction of the Court, caused the Defendant to expend money for attorney's fees and filing fees, and yet Plaintiff has not taken the minimal steps of paying the filing fees for filing his papers.

Subsequently, Asmus retained a new attorney and filed his complaint, paid his filing fee, filed an appeal with this court and filed a motion with the trial court to vacate summary judgment and the trial court's award of costs, disbursements and attorney fees. Asmus's motion to vacate was denied, as he had already perfected his appeal of the summary judgment and disputed order to this court.

## ISSUES

1. Did the trial court properly grant summary judgment against appellant?

2. Did the trial court properly assess costs, disbursements and attorney fees against appellant?

## ANALYSIS

1. The trial court granted summary judgment in favor of respondent Francis J. Ourada on the ground that Asmus had failed to file his complaint and pay the necessary fee. Rule 56.03 provides:

> Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact *and* that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.Proc. 56.03 (emphasis added).

■ It is clear that no genuine issue of material fact was established by Asmus in opposition to Ourada's motion. In support of his motion for summary judgment, Ourada came forward with his answer, memorandum, reply memorandum and supporting affidavits. Because of appellant's apparent confusion over his representation, appellant opposed the motion with merely a memorandum. Appellant's position was unsupported by a complaint or any additional affidavits. Rule 56.05 provides:

> When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summa-

ry judgment, *if appropriate*, shall be entered against him.

Minn.R.Civ.Proc. 56.05 (emphasis added).

Ourada supplied adequate factual support for his motion for summary judgment, while Asmus did nothing to create any genuine issue with these facts.

Regardless, the trial court never reached the legal merits of Ourada's motion. The trial court never ruled that judgment in favor of Ourada was appropriate "as a matter of law" as required by Rule 56.03. The legal theory upon which Ourada's motion was based was never addressed by the trial court. The trial court clearly stated that it based its grant of summary judgment *solely* on Asmus's procedural inadequacies. This alone does not entitle Ourada judgment "as a matter of law."

Yet, a trial court is not without remedy for a litigant's violation or disregard for court rules. In addition to the contempt power, Rule 41.02 provides that:

> The court may upon its own motion, or upon the motion of a party, and upon such notice as it may prescribe, dismiss an action or claim for failure to prosecute or to comply with these rules or any order of the court.

Minn.R.Civ.Proc. 41.02(1).

Such a dismissal is an adjudication on the merits. *Erickson v. Nelson*, 275 Minn. 561, 562, 146 N.W.2d 768, 770 (1966).

It is undisputed that appellant Floyd Harvey Asmus failed to file his complaint and failed to pay the required filing fee for his claim. Further, appellant's counsel was advised of this deficiency and was ordered by the trial court to remedy the problem. Appellant still failed to comply. Yet, treating the trial court's grant of summary judgment as a dismissal under Rule 41.02, we find that under the circumstances of this case the trial court erred in dismissing Asmus's claim, as such a remedy to appellant's inadequacies creates an egregious result.

██ A trial court has the discretion to order a case dismissed with prejudice under Rule 41.02 where the litigant's failure to exercise reasonable diligence is wholly unexcused and both the nature of the claim and situation of the parties calls for the exercise of such diligence. *Peters v. Waters Instruments, Inc.*, 312 Minn. 152, 155, 251 N.W.2d 114, 116 (1977). Yet, such a dismissal is a drastic form of relief that should be exercised with circumspection. *Id.* An order for dismissal with prejudice must be justified by the facts and circumstances of a particular case. *Id.* Such an order should only be issued under exceptional circumstances where there are considerations of willfulness and contempt for the authority of the court and prejudice to the parties involved. *Id.*

██ Appellant's failure to file his complaint and pay the necessary filing fee was based primarily upon confusion between him and his attorney over the financial obligations of litigation. There is no evidence of any willful contempt for the authority of the court. There is also no evidence of prejudice to either party. Consequently, we find the trial court erred in dismissing appellant's claim with prejudice.

██ 2. The trial court also granted respondent Ourada attorney fees in the amount of $3,240.50 pursuant to Minn.Stat. § 549.21 (1986). The trial court specifically found that appellant Asmus's failure to file his complaint and pay his fees established "bad faith" under the statute. *See* Minn. Stat. § 549.21 (1986). Yet, there is no evidence supporting this finding. The procedural deficiency was not part of any long standing pattern of laxity. Appellant's claims alone do not establish bad faith. Consequently, the trial court erred in granting Ourada's motion for costs, disbursements and attorney fees under Minn. Stat. § 549.21 (1986).

## DECISION

The trial court erred in granting summary judgment on appellant's claim.

Reversed.