In re The ESTATE OF Bert W.
SMITH, deceased.

No. CX–88–2601.

Court of Appeals of Minnesota.

Aug. 8, 1989.

Opinion Publication Ordered
Aug. 24, 1989.

Robert D. Stoneburner, Paynesville, for appellant—Will Contestant.

Ronald C. Anderson, Willmar, for respondent—Will Proponent.

Richard L. Ronning, Willmar, for respondent—Estate of Bert W. Smith.

Heard, considered, and decided by NORTON, P.J., and RANDALL and MULALLY *, JJ.

## OPINION

RANDALL, Judge.

This appeal challenges an award of attorney fees directed both against an attorney and his client. The trial court found that appellant Ardelle Smith Cobb and her attorney, Robert D. Stoneburner, acted in bad faith, in a frivolous manner, and upon an unfounded position by contesting the will of Bert Smith. Therefore, the trial court awarded attorney fees of $3,472.50 to respondent Estate of Bert W. Smith pursuant

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const., art. VI, § 2.

to Minn.Stat. § 549.21, subd. 2 (1986). We reverse.

## FACTS

Appellant is decedent Bert Smith's daughter. The decedent executed a will on September 3, 1985, which specifically excluded appellant from sharing in the estate. The will left all of the decedent's assets to his wife, Hazel Smith, and their four children. Following Bert Smith's death on January 15, 1988, Raymond Smith, the decedent's son, filed a petition for formal probate of the will in Kandiyohi County District Court. On March 2, 1988, appellant filed a petition objecting to the appointment of the personal representative. The grounds asserted for the objection were: that the will was the product of undue influence, fraud, or mistake; that the will was not legally executed; and that the decedent lacked testamentary capacity.

A pre-trial hearing was scheduled for May 16, 1988. Both appellant and Stoneburner filed affidavits of prejudice against the trial judge and sought to have another judge assigned to the case. Appellant's claim was based on a prior case in which the assigned judge issued a temporary injunction against both Cobb and her husband. Cobb felt the manner in which the decision was rendered demonstrated that the judge did not respect her rights.

Stoneburner's affidavit of prejudice described prior incidents between Stoneburner and the judge which Stoneburner felt would bias the judge against appellant's case. Stoneburner had the judge removed from a criminal matter after the judge had upbraided Stoneburner in the courtroom. Five days later, the judge granted a motion for summary judgment against Stoneburner's client in an unrelated matter that had been pending before the judge. The judge then granted opposing counsel $3000 in attorney fees payable both by Stoneburner personally and his client.[1]

Appellant was unsuccessful in her attempt to have the case assigned to another judge. Appellant then filed a motion for a jury trial to counteract what she believed to be the assigned judge's prejudice.[2] The motion was denied. Subsequent motions to compel discovery were also denied. A trial before the court took place on July 26, 1988. The court found appellant failed to prove that her exclusion from the decedent's will was the result of undue influence (the merits of the decision barring appellant from inheriting are not in issue). Following the decision on the merits, the trial court awarded respondent attorney fees for bad faith in the conduct of this litigation.

## ISSUE

Did the trial court err by awarding respondent bad faith attorney fees?

## ANALYSIS

■ Minn.Stat. § 549.21, subd. 2 provides in relevant part:

Upon motion of a party, * * * the court in its discretion may award to that party costs, disbursements, reasonable attorney fees and witness fees if the party or attorney against whom costs, disbursements, reasonable attorney and witness fees are charged acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; * * *. Nothing herein shall authorize the award of costs, disbursements or fees against a party or attorney advancing a claim or defense unwarranted under existing law, if it is supported by a good faith argument for an extension, modification, or reversal of the existing law.

(a) If duly demanded, a party is entitled to trial by jury in any proceeding in which any controverted question of fact arises as to which any party has a constitutional right to trial by jury.

---

1. The decision was reversed in *Kampsen v. Kandiyohi County*, 426 N.W.2d 917 (Minn.Ct. App.1988), *aff'd*, 441 N.W.2d 103, (Minn.1989).

2. Appellant's motion was made pursuant to Minn.Stat. § 524.1–306 (1986) which provides in part:

We review an award of attorney fees granted pursuant to this statute under an abuse of discretion standard. *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982). When the record fails to establish bad faith or that a party asserted a frivolous claim, we will reverse awards of fees made pursuant to § 549.21, subd. 2. *See, e.g., Kampsen v. Kandiyohi County*, 426 N.W.2d 917, 921 (Minn.Ct.App.1988), *aff'd.*, 441 N.W.2d 103 (Minn.1989); *Asmus v. Ourada*, 410 N.W.2d 432, 435 (Minn.Ct.App.1987); *In re Hofstad*, 376 N.W.2d 698, 702 (Minn.Ct. App.1985).

▮ We hold that the award of attorney fees against Stoneburner and appellant, the nonprevailing party, was erroneous. Our review of the record reveals evidence showing that appellant had at least a colorable claim (good faith) of undue influence. As the trial court itself pointed out, a confidential relationship did exist between the decedent and Hazel Smith, and Hazel had the opportunity to exercise undue influence over the decedent. Additionally, evidence in the record suggests that Hazel dominated her husband in the past and, as primary beneficiary of his will, may have tried to exert some influence here. Further, appellant, as an excluded child of a decedent, is certainly within the pool of entities from which a claim of undue influence might arise. Her attempt to gain a share of her father's estate cannot be criticized on this record. We hold that the trial court's ruling that appellant asserted a meritless claim is erroneous.

▮ We also reject the trial court's ruling regarding appellant's discovery requests. The rules on discovery are deliberately broad. The rules permit parties to obtain discovery of any matter relevant to the subject matter of a dispute as long as the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Minn.R.Civ.P. 26.-02(a).

Stoneburner sought photographs, graphs, charts, ledgers, and journals in discovery. This request, however, does not justify an award of bad faith attorney fees. Stoneburner knew that there could be a challenge to the decedent's paternity of appellant. It appears Stoneburner sought information through discovery relevant to that issue, and not merely to delay the proceedings or harass respondent.

▮ Finally, regarding appellant's motion for a jury trial, we find that this motion was supported by a good faith argument for a modification of existing law. Our review of the record reveals that Stoneburner's arguments were supported by authority from other jurisdictions, and he acknowledged the existence of contrary authority in Minnesota.[3] *Cf. Thompson Plumbing Co. v. J.E.C., Inc.*, 422 N.W.2d 26, 28 (Minn.Ct.App.1988) (failure to cite competent authority or explicitly argue for modification of existing law constitutes meritless claim). Therefore, the trial court's finding that this motion justified an award of bad faith attorney fees is similarly erroneous.

We conclude that the trial court erred by assessing attorney fees against appellant and her attorney. Trial courts should be mindful that the harsh sanction of bad faith attorney fees may inadvertently chill claimants and their attorneys from seeking redress for wrongs in close cases.

### DECISION

Reversed.

---

**3.** *In re Estate of Prigge*, 352 N.W.2d 443, 446 (Minn.Ct.App.1984), held that there is no constitutional right to a jury trial in probate proceedings. Appellant's motion asked the trial court to review the question in a broader context. We view appellant's motion as an argument for a modification of *Prigge*.