POND HOLLOW HOMEOWNERS ASSOCIATION, Plaintiff,

v.

THE RYLAND GROUP, INC., a Maryland corporation, defendant and third party plaintiff, Respondent,

v.

Stock Building Supply, Inc. d/b/a Barnabo Builders, a North Carolina corporation, et al., Third Party Defendants,

and

Automated Building Components, Inc., Fourth Party Plaintiff,

v.

Reliant Building Products, Inc., a Florida corporation, et al., Fourth Party Defendants,

and

D.S.M. Excavating Company, Inc., Third Party Defendant and Fourth Party Plaintiff,

v.

Braun Intertec Corporation, Fourth Party Defendant,

Pioneer Engineering, P. A., fourth party defendant, Appellant.

No. A09–1172.

Court of Appeals of Minnesota.

March 30, 2010.

---

Karl E. Robinson, Kurt M. Mitchell, Hellmuth & Johnson, PLLC, Eden Prairie, MN, for respondent.

Katherine A. McBride, Michael D. Hutchens, Lenae M. Pederson, Meagher & Geer, P.L.L.P., Minneapolis, MN, for appellant.

Considered and decided by HUDSON, Presiding Judge; CONNOLLY, Judge; and JOHNSON, Judge.

## OPINION

HUDSON, Judge.

On appeal from summary judgment in its favor, appellant contends that the district court erred by dismissing respondent's claims without prejudice. By notice of review, respondent challenges the grant of summary judgment on its professional-negligence claim. Because respondent has failed to establish a prima facie case of professional negligence, we affirm in part. But because the district court erred by dismissing respondent's claims without prejudice, we reverse in part and remand so that judgment may be entered dismissing respondent's claims with prejudice.

## FACTS

This appeal involves alleged construction and design defects in a group of homes. The real property at issue was purchased by Janco Inc. (Janco) in May 1998. Janco hired appellant Pioneer Engineering P.A. (Pioneer) to design, engineer, and survey the site where the homes were to be built. Janco assigned its interest in the real property to respondent The Ryland Group Inc. (Ryland) in September 1998. Ryland was the developer of and general contractor for the homes, which were built between 1998 and 2000. The homes are now owned by members of the Pond Hollow Homeowners Association (the association).

In October 2005, the association sued Ryland for breach of statutory warranties, breach of contract, negligence, and breach of fiduciary duty. Among other things, the association alleged defects in the homes related to water-table levels or drainage. In July 2008, Ryland filed an amended third-party complaint against Pioneer, alleging that the problems with the homes were caused by Pioneer's negligence. Ryland also claimed that it was entitled to "contribution and/or indemnification" from Pioneer if Ryland were found to be liable to the association.

In October 2008, Pioneer moved for summary judgment against Ryland. The district court granted Pioneer's motion, concluding that no genuine issues of material fact existed. The district court noted:

> Ryland's action against Pioneer is one for indemnity and contribution. The motion for summary judgment is granted without prejudice because of the separate Janco litigation,[1] the relationship between Ryland and Janco which has not yet been adjudicated, and to preserve arguments and claims that Ryland might have after a full trial in this case.

This appeal follows.

## ISSUES

I. Did the district court err by granting Pioneer's motion for summary judgment on Ryland's negligent-engineering claim?

II. Did the district court err by dismissing Ryland's claims without prejudice?

## ANALYSIS

On appeal from summary judgment, we review de novo whether there are any

---

1. Ryland brought a separate action related to the construction of the Pond Hollow homes against Janco (the Janco litigation). *Ryland Group, Inc. v. Janco, Inc.*, No. 27–CV–08– 16312 (Minn.Dist.Ct. July 1, 2008). Pioneer is a defendant and third-party defendant in the Janco litigation, a companion to the case here.

genuine issues of material fact and whether the district court erred in its application of the law. *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.,* 644 N.W.2d 72, 76–77 (Minn.2002). We must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn. 1993).

## I

■ By notice of review, Ryland argues that genuine issues of material fact exist as to each element of its negligent-engineering claim against Pioneer. We disagree.

In a negligence action, the defendant is entitled to summary judgment when the record reflects a complete lack of proof on any of the four essential elements of the claim: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) the breach of the duty being the proximate cause of the injury.

*Schafer v. JLC Food Sys., Inc.,* 695 N.W.2d 570, 573 (Minn.2005); *see Middle River–Snake River Watershed Dist. v. Dennis Drewes, Inc.,* 692 N.W.2d 87, 92 (Minn.App.2005) (stating this proposition in a professional-negligence action against an engineer).

■ As to the existence of a duty of care, "[o]ne who undertakes to render professional services is under a duty ... to exercise such care, skill, and diligence as men in that profession ordinarily exercise under like circumstances." *City of Eveleth v. Ruble,* 302 Minn. 249, 253, 225 N.W.2d 521, 524 (1974) (addressing duty of design engineers in a professional-negligence action); *see Waldor Pump & Equip. Co. v. Orr–Schelen–Mayeron & Assocs., Inc.,* 386 N.W.2d 375, 377 (Minn.App.1986) (stating that the possibility of error is "inescapable" in the field of engineering and that engineers are not required to produce perfect results, "but rather [to] exercise ...

that skill and judgment which can be reasonably expected from similarly situated professionals" (quotation omitted)). Ordinarily, expert testimony is required to establish the prevailing standard of care and the consequences of departure from that standard. *City of Eveleth,* 302 Minn. at 254–55, 225 N.W.2d at 525. "When qualified expert opinion with adequate foundation is laid on an element of a claim, a genuine issue of material fact exists." *Admiral Merchs. Motor Freight, Inc. v. O'Connor & Hannan,* 494 N.W.2d 261, 266 (Minn.1992).

■ Ryland contends that the report of Geoffrey Jillson, P.E., and the affidavit of Steven Klein, P.E., are sufficient to establish the prevailing standard of care. But Jillson's report contains no opinion as to the standard of care.

In his expert affidavit, Klein does address Pioneer's duty of care: "It is my opinion that Pioneer ... deviated from the standard of care applicable to engineers in that it failed to properly recognize and evaluate the water table when determining the minimum building pad elevations." But Klein does not explain how a "proper" evaluation or recognition is performed, nor does he explain industry practices or refer to contract or industry guidelines related to evaluation or recognition of a water table. Klein also refers to "the standard of care applicable to engineers," but no such universal standard is defined in the affidavit. Caselaw dictates that Ryland was required to establish a standard of care tailored to the work that Pioneer was hired to perform. *See City of Eveleth,* 302 Minn. at 254, 225 N.W.2d at 524–25 ("The circumstances to be considered in determining the standard of care, skill, and diligence to be required *in this case* include the terms of the employment agreement, the nature of the problem which the supplier of the service represented himself as being competent to solve, and the effect

reasonably to be anticipated from the proposed remedies .... ." (emphasis added)); *see also id.* at 264 n. 11, 225 N.W.2d at 530 n. 11 (noting that "the precise duty" of a professional or lay person must be established). Klein's affidavit does not establish with any precision the applicable standard of care; the affidavit merely contains an assertion that "the standard" was breached.

Neither of the documents cited by Ryland established the prevailing standard of care. And Ryland has proffered no other evidence to establish this element of its professional-negligence claim. We therefore conclude that the district court did not err by granting summary judgment to Pioneer on the claim of professional negligence.[2]

## II

■ Pioneer argues that the district court erred by dismissing Ryland's claims without prejudice after granting summary judgment. We agree.

The district court granted Pioneer's motion for summary judgment on all of Ryland's claims against Pioneer because it concluded that there were no genuine issues of material fact. This grant of summary judgment constituted a determination on the merits of Ryland's claims. *See Burma v. Stransky,* 357 N.W.2d 82, 89 (Minn.1984) (holding that a district court's grant of summary judgment on a claim due to lack of genuine issues of material fact was a determination on the merits as to that claim). After making such a determination, the district could not dismiss Ryland's claims without prejudice. *See id.* ("The district court, in granting defen-

dants' motion for summary judgment, made determinations on the merits and could not therefore dismiss without prejudice the claims with regard to which those determinations were made."); *see also* Minn. R. Civ. P. 56.03 (stating that "[j]udgment *shall be rendered forthwith* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law" (emphasis added)); Minn. R. Civ. P. 56.05 (stating that if adverse party does not present specific facts showing genuine issue for trial, "summary judgment, if appropriate, shall be entered against the adverse party").

Ryland, relying on *Asmus v. Ourada,* 410 N.W.2d 432 (Minn.App.1987), contends that a district court may dismiss a claim without prejudice after granting summary judgment. But the district court's grant of summary judgment in *Asmus* was based "solely" on "procedural inadequacies": the failure of the plaintiff to file a complaint and to pay the required filing fee. 410 N.W.2d at 435. The district court in *Asmus* never reached the substantive merits of the summary-judgment motion. *Id.* And on appeal, this court construed the matter to involve a dismissal rather than a summary judgment. *Id.*

Because this case lacks the procedural oddities of *Asmus,* we hold that the district court's grant of summary judgment due to the lack of any genuine issues of material fact requires entry of judgment on Ryland's claims in favor of Pioneer. We therefore reverse the "without prejudice" dismissal of Ryland's claims and re-

---

**2.** Ryland's argument that summary judgment is precluded as to its indemnity and contribution claims is based solely on its argument that its professional negligence claim survives summary judgment. Because the district court did not err by granting summary judg-

ment to Pioneer on the claim of professional negligence, we conclude that the district court also did not err by granting summary judgment to Pioneer on the indemnity and contribution claims.

mand for entry of judgment in favor of Pioneer. *See Burma*, 357 N.W.2d at 89 (remanding after claim was improperly dismissed without prejudice).

## DECISION

Because Ryland failed to establish the existence of a genuine issue of material fact, summary judgment was properly granted to Pioneer. Because the grant of summary judgment was a decision on the merits as to Ryland's claims, judgment must be entered in favor of Pioneer.

**Affirmed in part, reversed in part, and remanded.**